**Angel FLORES–FLORES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70741.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 26, 2010.

John E. Ricci, Esquire, Frank P. Sprouls, Esquire, Law Office of Ricci & Sprouls, San Francisco, CA, for Petitioner.

Carol Federighi, Esquire, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Eric Warren Marsteller, Esquire, Trial, DOJ—U.S. Department of Justice, Theo Nickerson, Esquire, Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Angel Flores–Flores, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The agency did not abuse its discretion in denying Flores–Flores' motion to reopen as untimely where Flores–Flores filed the motion more than 11 years after his deportation order, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen based on exceptional circumstances must be filed within 180 days of the deportation order), and failed to establish that he acted with the due diligence required for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales,* 498 F.3d 993, 1000 (9th Cir.2007) (due diligence shown where petitioner demonstrated "steadfast pursuit" of his case).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.